FRYE *v.* MIELKE.

Vendor and Purchaser—Matters Equally Within Knowledge of Deceased—Payment—Burden of Proof.

In summary proceedings by vendor's administrator in which all supporting or impeaching evidence as to last entry of payment on land contract, purporting to have been signed by vendor, was excluded as being matter equally within the knowledge of deceased and jury found signature was genuine, the entry, being a receipt, was *prima facie* evidence of payment and sufficient to sustain burden of proof where unimpeached (3 Comp. Laws 1929, § 14219).

Appeal from Wayne; Murphy (Thomas J.), J. Submitted January 10, 1935. (Docket No. 52, Calendar No. 38,171.) Decided April 8, 1935.

Summary proceedings before circuit court commissioner by Floyd A. Frye, administrator of the estate of Anthony Waldman, deceased, against George A. J. Mielke to recover possession of land sold on a land contract. From judgment for plaintiff, defendant appealed to circuit court. Judgment for defendant. Plaintiff appeals. Affirmed.

See 266 Mich. 501.

*Fritz Hailer* (*Schmalzriedt, Frye, Granse & Frye,* of counsel), for plaintiff.

*Alex J. Budny,* for defendant.

Fead, J. In 1920, decedent, Anthony Waldman, sold defendant premises on land contract. Defendant made regular payments of $50 monthly through

November, 1931, thereafter $40, which were entered on form sheets attached to his copy of the contract, showing date, principal payment, balance of principal, interest payment and signature of vendor. The last entry was May 8, 1932, principal payment $2,431, balance of principal $18, interest payment $11.63, and purported to bear Waldman's signature. Waldman died a few days later. Plaintiff, his administrator, gave notice of forfeiture and commenced summary proceedings to recover possession. Defendant tendered $18 and interest as balance owing. Plaintiff had judgment before the commissioner and defendant appealed to circuit court.

At the trial, on plaintiff's objection, defendant and his wife were excluded from giving testimony of the circumstances of the entry of the last payment on the contract, on the ground that it related to matters equally within the knowledge of the deceased.* This left the entry without either supporting or impeaching evidence except as to the genuineness of Waldman's signature, upon which the testimony was in dispute. The case was submitted to the jury on the sole issue of the signature. The jury found for the defendant and he had judgment.

The entry was a receipt and, the signature being genuine, was *prima facie* evidence of payment. *Hiscock* v. *Hiscock,* 257 Mich. 16 (78 A. L. R. 953). Being unimpeached the receipt was sufficient to sustain the burden of proof of payment.

Affirmed, with costs.

POTTER, C. J., and NELSON SHARPE, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.

---

* See 3 Comp. Laws 1929, § 14219.—REPORTER.